IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:16CV12-RJC-DSC

PAMELA A. ALLISON,            )
        Plaintiff,      )
                              )
vs.                           )   **MEMORANDUM AND RECOMMENDATION**
                              )
CAROLYN W. COLVIN,            )
Commissioner of Social        )
Security Administration,      )
        Defendant.      )
_____)

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and Defendant's "Motion for Summary Judgment" (document #12), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

**I. PROCEDURAL HISTORY**

On April 18, 2012, Plaintiff filed an application for Disability Insurance Benefits ("DIB")

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on March 30, 2016, Plaintiff was entitled to file a response brief on or before August 12, 2016. Plaintiff did not file a response.

and Supplemental Security Income ("SSI") alleging that she became disabled on August 26, 2010. (Tr. 189, 196). The application was denied initially and upon reconsideration. (Tr. 111, 117, 123, 127). Plaintiff requested a hearing which was held on May 2, 2014. (Tr. 32-56).

On July 25, 2014, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. (Tr. 16-27). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 18). The ALJ also found that Plaintiff suffered from degenerative disc disease, chronic obstructive pulmonary disease, diabetes mellitus, and generalized anxiety disorder id., but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 19). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to

> lift or carry fifty pounds occasionally, twenty-five pounds frequently; stand or walk for six hours out of an eight-hour workday; and sit for six hours out of an eight-hour workday.[3] [Plaintiff] may occasionally climb ladders. [Plaintiff] must avoid exposure to fumes and hazards. [Plaintiff] may perform simple, routine, repetitive tasks, in a stable environment with occasional public contact.

(Tr. 21). Based upon this RFC, the ALJ found that Plaintiff could not perform her past relevant work as a retail sales clerk and cashier. (Tr. 25).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, a Vocational Expert ("V.E.") identified jobs as a laundry worker, dishwasher, and janitor that Plaintiff could perform. The V.E. testified that more than 10,000 of those jobs

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

were available locally and more than 400,000 nationally. (Tr. 26). The ALJ concluded that the V.E.'s testimony was consistent with the Dictionary of Occupational Titles ("DOT"). Id.

Based upon this testimony, the ALJ found that there were a significant number of jobs in the local and national economy that Plaintiff could perform. Id. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

On November 16, 2015, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1).

Plaintiff filed the present action on January 13, 2016. She assigns error to the ALJ's RFC determination. Plaintiff argues that the RFC is inconsistent with the medical evidence and that the ALJ erred in evaluating the opinion of consultative physician Dr. Aregai Girmay. Plaintiff's Memorandum Brief at 6-15 (document #10).

The parties' Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

3

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.  DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled.[4] The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish her RFC by demonstrating how those impairments impact her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012). Substantial evidence supports the ALJ's RFC finding here.

In June 2012, Ms. Angela Herron, a Single Decision Maker ("SDM") for the State Agency, opined that Plaintiff was limited to less than light work. (Tr. 64-66, 77-79). In November 2012, Dr. Bertron Haywood, a state agency medical consultant, opined that Plaintiff was limited to less than medium work. (Tr. 93-95, 105-07). The ALJ stated that Ms. Herron's assessment was "given limited weight as evidence at the hearing level demonstrates the claimant is not as limited as [she] determined." (Tr. 25). He further stated that "the claimant is capable of performing work consistent with the residual functional capacity as assessed by" Dr. Haywood. (Tr. 25).

Plaintiff argues that the ALJ's analysis of the opinions offered by Ms. Herron and Dr. Haywood was flawed. Ms. Herron is an SDM and not a medical source. The ALJ could not have considered or adopted her opinion as a medical opinion under SSR 96-8p or 20 C.F.R. §§ 404.1527(a) and 416.927(a) (Tr. 66, 79). See Nicholson v. Astrue, No. 1:09CV271, 2010 WL 4506997, at *6 (W.D.N.C. Oct. 29, 2010) ("An 'SDM is not a medical professional of any stripe, and a finding from such an individual is entitled to no weight as a medical opinion, or to

consideration as evidence from other non-medical sources.'") (citation omitted); Smith v. Astrue, No. 1:09CV471, 2011 WL 5326844, at *9 (W.D.N.C. Nov. 4, 2011) (The opinion of "an SDM with no medical credentials . . . cannot constitute substantial evidence upon which to base an RFC [and is] entitled to no evidentiary weight."). Remand is appropriate where an ALJ affords greater weight to the opinion of an SDM than to a state agency medical consultant's opinion. Coggins v. Astrue, No. 1:09CV405, 2011 WL 815269, at *1-2 (W.D.N.C. Jan. 28, 2011), report and recommendation adopted, No. 1:09CV405, 2011 WL 1085610 (W.D.N.C. Mar. 23, 2011).

The ALJ explained why he found Dr. Haywood's RFC determination to be more indicative of Plaintiff's functional ability than Ms. Herron's. (Tr. 25). The ALJ stated that "evidence at the hearing level demonstrates the claimant is not as limited" as opined by Ms. Herron. (Tr. 25). The medical evidence consists primarily of records from emergency room treatment Plaintiff received when she experienced chest pain in July 2013. (Tr. 366-99). Her treating physicians ultimately concluded that her chest pain was cardiovascular related. (Tr. 378-82, 385-87). However, Plaintiff underwent multiple examinations that the ALJ found relevant in assessing her impairments. The ALJ noted that on July 13, 2013, Plaintiff demonstrated non-labored respirations, equal breath sounds, and good air movement despite some wheezing. (Tr. 23, 375). On July 14, she demonstrated no rhonchi, wheezes, or rales, and her chest was clear to auscultation bilaterally. (Tr. 379). These examinations also revealed normal motor strength, sensation, and range of motion (Tr. 379). There were no neurological deficits, but some evidence of tenderness in the right thigh. (Tr. 375). The ALJ properly found that these findings were more consistent with Dr. Haywood's opinion that Plaintiff could perform slightly less than medium work. Substantial evidence supports the ALJ's treatment of Ms. Herron's and Dr. Haywood's opinions.

Plaintiff argues that although "the ALJ assign[ed] Dr. Girmay's opinion significant

6

weight," there was "no corresponding [RFC] limitation consistent with Dr. Girmay's exam findings and conclusions." Plaintiff's Memorandum at 13 document #10). Plaintiff repeatedly states that Dr. Girmay's opinion contained a "restriction to walking 100 feet," Id. at 14. To the contrary, Dr. Girmay opined that she "can walk 100 feet without difficulty." (Tr. 352).

Even construing Dr. Girmay's opinion to imply that Plaintiff might have difficulty in walking more than one hundred feet, his opinion is still consistent with the RFC. The "RFC is a measurement of the most a claimant can do despite [her] limitations." Hines v. Barnhart, 453 F.3d 559, 562 (4th Cir. 2006). An RFC does not identify limitations that would result in a pain-free workday. See Ferrante v. Bowen, 869 F.2d 593, 1989 WL 14408, at *4 (4th Cir. 1989) ("disability requires more than mere inability to work without pain"). Provided that an RFC would allow the claimant to sustain the relevant work for "8 hours a day, for 5 days a week, or an equivalent work schedule." Hines, 453 F.3d at 562 (quoting SSR 96-8p), pain or discomfort could still be present.

Plaintiff also argues that the RFC was inconsistent with Dr. Girmay's opinion that her "limitation is moderate." Plaintiff's Memorandum at 14 (document #10). Dr. Girmay's opinion that Plaintiff had an unspecified "moderate" limitation is not expressed in vocationally relevant terms. A statement that a claimant has a generic limitation must be interpreted by the ALJ and incorporated into an RFC. The ALJ did so here. The ALJ found that Plaintiff could lift and carry fifty pounds occasionally and twenty-five pounds frequently. She could also stand and walk six hours in an eight-hour workday (Tr. 21). Those limitations are consistent with the ability to perform medium exertional work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). The ALJ's interpretation of a "moderate" limitation to include medium work was supported by substantial evidence. The ALJ also precluded Plaintiff from climbing ladders and exposure to fumes and hazards. (Tr. 21). Those limitations are consistent with Dr. Girmay's statement that

7

Plaintiff generally had a "moderate limitation."

Although the medical records establish that Plaintiff experienced symptoms to some extent as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #12) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);

Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: August 30, 2016

David S. Cayer
United States Magistrate Judge