UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00012-RJC-DSC

| | |
|---|---|
| PAMELA A. ALLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff Robin Nance's ("Plaintiff") Motion for Summary Judgment and supporting memorandum, (Doc. Nos. 9, 10); Defendant Carolyn Colvin's ("Defendant") Motion for Summary Judgment and supporting memorandum, (Doc. Nos. 12, 13); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 14), recommending that this Court deny Plaintiff's Motion and grant Defendant's Motion; and Plaintiff's Objections to the Magistrate Judge's M&R, (Doc. No. 15). Defendant did not file a reply to Plaintiff's Objections, and the time for doing so has passed.

**I. BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Thus, the Court adopts the facts as set forth in the M&R.

**II. STANDARD OF REVIEW**

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection

is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Fed. R. Civ. P. 72(b). Nonetheless, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Ultimately, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

Regarding review of the Commissioner's decision, the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401) (brackets in original); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The Magistrate Judge issued an M&R and found that the ALJ did not commit any errors and that his conclusions were supported by substantial evidence. (Doc. No. 14 at 8). Plaintiff timely filed objections to the Magistrate Judge's M&R, in which she asserts that the Magistrate Judge erred by concluding that "the ALJ's interpretation of a 'moderate' limitation to include medium work was supported by substantial evidence and consistent with Dr. [Aregai] Girmay's opinion." (Doc. No. 15 at 2).

The Court has carefully reviewed Plaintiff's and Defendant's summary judgment briefings, the record, the M&R, Plaintiff's objections to the M&R, and Defendant's response to Plaintiff's objections, and in doing so considered each of Plaintiff's arguments de novo. The Court finds that the Magistrate Judge already thoroughly addressed Plaintiff's objection, which also appeared in the Plaintiff's Motion for Summary Judgement. Furthermore, the Magistrate Judge and the ALJ applied the proper legal standards. This Court agrees with the Magistrate Judge that substantial

evidence supports each of the ALJ's findings that were contested by the Plaintiff in her Motion for Summary Judgment.

Although the Magistrate Judge has already adequately addressed Plaintiff's objection in its M&R, the Court will briefly discuss Plaintiff's objection further. Plaintiff dedicates her brief to arguing that Dr. Girmay's written statement that Plaintiff's "limitation is moderate," (Tr. 352; Doc. 8-8 at 85), is inconsistent with the ALJ's conclusion that Plaintiff's residual functional capacity ("RFC") is a variant of medium work,[1] specifically, that Plaintiff has the RFC to:

> "lift or carry fifty pounds occasionally, twenty-five pounds frequently; stand or walk for six hours out of an eight-hour workday; and sit for six hours out of an eight-hour workday . . . may occasionally climb ladders . . . must avoid exposure to fumes and hazards . . . [and] may perform simple routine, repetitive tasks, in a stable environment with occasional public contact."

(Tr. 21; Doc. No. 8-3 at 21). Plaintiff's contention is that Dr. Girmay's opinion that Plaintiff has "moderate" physical limitation is inconsistent with the above RFC. (Doc. No. 15 at 2). The Court fails to see the inconsistency. First, as the Magistrate Judge noted, "moderate" is not a vocational term as it relates to the RFC. (Doc. No. 14 at 7). Thus, the ALJ must take that generic statement and incorporate into an RFC determination which is what the ALJ did here. Regardless, by their plain meanings moderate and medium are not contradictory words, and in this context seem close to synonymous.

Second, substantial evidence clearly supports the ALJ's determination of a medium RFC. While the ALJ cited numerous pieces of medical and non-medical evidence, (Tr. 22–25, Doc. No. 8-3 at 23–26), Plaintiff's argument is instead littered with subjective evidence, including her reports and descriptions of her symptoms, (Doc. No. 15 at 3–4). Although Plaintiff also provided

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

some medical evidence in her favor, the ALJ provided a more than adequate description of and basis for his RFC determination.

Lastly, Plaintiff argues that the ALJ failed to consider Dr. Girmay's "moderate" physical limitation statement specifically in the context of Plaintiff's COPD, despite considering it in the context of her cervical and lumbar degenerative disc disease. (Doc. No. 15 at 5). Nothing requires the ALJ to make that specific of a finding, and Plaintiff cites no legal authority to support that proposition. The ALJ's discussion of Plaintiff's COPD reveals a thorough analysis and a conclusion supported by substantial evidence. (Tr. 23–24, Doc. No. 8-3 at 24–25). Moreover, any error by the ALJ, of which this Court sees none, would be harmless given the substantial evidence supporting the ALJ's conclusions.

Plaintiff's argument is essentially that Dr. Girmay's medical finding of moderate physical limitation is inconsistent with other medical evidence and the ALJ's residual functional capacity determination. Assuming arguendo that there is an inconsistency in the evidence, it is not the duty of this Court to resolve inconsistencies where the ALJ's opinion is supported by substantial evidence. See Seacrist, 538 F.2d at 1056–57 (noting that it is not the responsibility of the Court "to reconcile inconsistencies in the medical evidence"); Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)" (citing Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). Here, the ALJ's determination, as noted by the Magistrate Judge, was supported by substantial evidence. Accordingly, the Court adopts and incorporates by reference the Magistrate Judge's M&R.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 14), is **ADOPTED**;

2. Plaintiff's Objections to the Magistrate Judge's M&R, (Doc. No. 15), are **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **DENIED**;

4. Defendants' Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**;

5. The Commissioner's determination is **AFFIRMED**; and

6. The Clerk of Court is directed to close this case.

Signed: January 26, 2017

Robert J. Conrad, Jr.
United States District Judge